# EXHIBIT A

JAN 3 1 2017

 **usbank**

OPERATING PROCEDURES MANUAL          EXHIBIT L8-C

## Litigation/Legal Process Claim Report

Date: _1/26/17_

| Legal Department Use Only |
|---|
| File Name: _____ |
| File #: _____ |

**FROM:**

Affiliate Name: U.S. Bank   Branch Name: _5th + Walnut_

Branch Address: _425 Walnut St  Cincinnati OH 45202_

Person Served: _Lisa D Osken_          Branch Phone #: _513-632-4234_

**We request your legal advice with respect to the matter described below:**

1.  Name of claimant: _Clare Ponicello_

2.  Name of defendant(s): _US Bank NA_

3.  Date and time legal papers served (month, day, year): _1/26/17_ at _3:43_ ☐ A.M. ☒ P.M.

4.  Papers served by (check one): ☐ Reg US Mail   ☐ Certified Mail   ☒ Personally
    **Note:** Be sure to attach original legal papers to this report.

5.  Response deadline (month, day, year): _____
    **Note:** If response is due in less than 10 days, contact the Legal Department at 612-303-7851.

6.  Amount of claim (if known): $ _____

7.  Bank employees with information about the claim:

    Name: _____   Phone # _____

    Name: _____   Phone # _____

Total number of pages including this cover sheet:   _____

## Scan and email all related documents immediately to Legal Process Shared/MN/USB (legal.process@usbank.com)

**\*\*\* Email is for Internal Use Only. Do not provide to customers.\*\*\***

Attach **original** documents served to this form and forward to the Legal Department at mail location BC-MN-H21N.

11/2015          U.S. Bank Internal



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>JUDY PREDDY DRAPER | Case Number:  17SL-AC00928 |
|---|---|
| Plaintiff/Petitioner:<br>CLARE PONTELLO<br><div align="right">vs.</div> | Plaintiff's/Petitioner's Attorney/Address or<br>Pro Se's Address/Telephone Number:<br>DOMINIC M. PONTELLO<br>PONTELLO LAW, LLC<br>SUITE 112<br>5988 MIDRIVERS MALL DRIVE<br>ST. CHARLES, MO  63304<br>(636) 541-7673 |
| Defendant/Respondent:<br>US BANK, NA | |
| Nature of Suit:<br>AC Other Tort | Date, Time and Location of Court Appearance:<br>**01-MAR-2017 09:00 AM<br>ROOM 287,    DIV 41W<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105** |
| | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Associate Division Cases)

**The State of Missouri to:**  US BANK, NA
            **Alias:**

425 WALNUT STREET
CINCINNATI, OH  45202

        You are summoned to appear before this Circuit Court, Associate Division on the date, time and location above, to answer the allegation in the petition filed by the above-named Plaintiff/Petitioner, a copy of which is attached.  If you fail to appear at the time and place stated in this summons, judgment by default will be taken against you for the relief demanded in the petition.

*COURT SEAL OF*

        **SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739 or TTY at 314-615-4567, at least three business days in advance of the court proceeding.**

*ST. LOUIS COUNTY*

          _____01-25-17_____          _____
                    Date                                                        Clerk

**Further Information:**
**SM**

### Officer's or Server's Affidavit of Service

**Note to serving officer:**  Service must not be made less than ten days nor more than sixty days from the date the Defendant/Respondent is to appear in court.

I certify that:
1.  I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2.  My official title is _____ of _____ County, _____ (state).
3.  I have served the above summons by:  (check one)
    ☐  delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
    ☐  leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ , a person of the Defendant's/Respondent's family over the age of 15 years.
    ☐  (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
    ☐  other (describe) _____.

Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server                    Signature of Sheriff or Server

**Subscribed and Sworn to** before me this _____ (date).

I am: (check one)  ☐ the clerk of the court of which affiant is an officer.

☐ the judge of the court of which affiant is an officer.

☐ authorized to administer oaths in the state in which the affiant served the above summons.  (use for out-of-state officer)

☐ authorized to administer oaths.  (use for court-appointed server)

*(Seal)*

_____
Signature and Title

| Summons Fees, if applicable | | |
|---|---|---|
| Summons | $ | _____ |
| Non Est | $ | _____ |
| Mileage | $ | _____ (_____ miles @ $ ._____ per mile) |
| **Total** | $ | _____ |

**See the following page for directions to clerk and to officer making return on service of summons.**

OSCA (7-09) SM70 (ASOS) *For Court Use Only:* **Doc ID#  17-ASOS-98**   2 of 3  **(17SL-AC00928)**      Rules 54.06, 54.07, 54.14, 54.20;

506.500, 506.510, 517.041 RSMo

IN THE CIRCUIT COURT
SAINT LOUIS COUNTY
STATE OF MISSOURI
ASSOCIATE DIVISION

**CLARE PONTELLO,**                          )
                                             )
            Plaintiff,                       )
                                             )       Cause No.
v.                                           )
                                             )       Division
**US BANK, N.A**                             )
                                             )
Serve at:                                    )
425 WALNUT STREET                            )
CINCINNATI, OH 45202                         )
                                             )
and,                                         )
                                             )
**MONARCH RECOVERY**                         )
**MANAGEMENT, INC**                          )
                                             )
Serve at:                                    )
NATIONAL CORPORATE RESEARCH, R/A.            )
222 E. DUNKLIN, STE 102                      )
JEFFERSON CITY, MO 65101                     )
                                             )
            Defendant.                       )       **JURY TRIAL DEMANDED**

## PETITION

COMES NOW, Plaintiff, Clare Pontello, and for her Petition states as follows:

## INTRODUCTION

1.      This is an action for statutory damages brought by an individual consumer for

violations of the Telephone Consumer Protection Act of 1991("TCPA"), 47 USC 227 *et. Seq.*

2.      This is an action for statutory and actual damages brought by an individual

consumer for violations of the Fair Debt Collections Practices Act, 15 USC 1692 *et. Seq.*

("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair

practices.

3.      This is an action for actual and punitive damages brought by an individual consumer for invasion of privacy.

4.      Plaintiff demands a trial by jury on all issues so triable.

## JURISDICTION

5.      This Court has jurisdiction of the TCPA claim under 47 U.S.C. § 227 (3)(b). Venue is appropriate in this Court because Defendants US Bank, N.A. ("USB") and Monarch Recovery Management, Inc. ("Monarch") placed prohibited telephone calls to Plaintiff at Plaintiff's phone located in St. Louis County, Missouri.

6.      This Court has jurisdiction of the FDCPA claim under 15 USC § 1692k (d) because the Defendants' illicit collection activity was directed at Plaintiff in St. Louis County, Missouri.

7.      This Court has jurisdiction of the claim of invasion of privacy because the conduct giving rise to the claim occurred in St. Louis County, Missouri.

## PARTIES

8.      Plaintiff is a natural person currently residing in St. Louis County, Missouri.

9.      Defendant US Bank, N.A. is a foreign corporation with its principal place of business in Minneapolis, MN.

10.     Defendant Monarch Recovery Management is a foreign corporation with its principal place of business in Philadelphia, PA.  The principal business purpose of Defendant is the collection of debts in Missouri and nationwide, and Defendant regularly attempts to collect debts alleged to be due another.

### *Telephone Consumer Protection Act*

11.     At all times relevant to this complaint, the Plaintiff was and is a "person" as

defined by the TCPA 47 U.S.C. § 153(39).

12.     At all times relevant to this complaint, Defendant has owned, operated, and or controlled "customer premises equipment" as defined by the TCPA 47 U.S.C. § 153(16) that originated, routed, and/or terminated telecommunications.

13.     Defendant at all times relevant to the complaint herein engages in "telecommunications" as defined by the TCPA 47 U.S.C. § 153(50).

14.     Defendant at all times relevant to the complaint herein engages in "interstate communications" as defined by the TCPA 47 U.S.C. § 153(28).

15.     At all times relevant to this complaint, Defendant has used, controlled, and/or operated "wire communications" as defined by the TCPA 47 U.S.C. § 153(59), that existed as instrumentalities of interstate and intrastate commerce.

16.     At all times relevant to this complaint, Defendant has used, controlled, and/or operated "automatic telephone dialing systems" as defined by the TCPA 47 U.S.C. § 227(a)(1) and 47 C.F.R. 64.1200(f)(2).

### Fair Debt Collection Practices Act

17.     Plaintiff is a "consumer" within the meaning of the FDCPA.  The alleged debt Plaintiff owes arises out of consumer, family, and household transactions.

18.     Defendant Monarch is engaged in the collection of debts from consumers using the mail and telephone.  Defendant Monarch is a "debt collector" as defined by the FDCPA. 15 U.S.C. §1692a (6).

### Invasion of Privacy

19.     Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the FDCPA, when it states as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy.**
>
> 15 U.S.C. § 1692(a) (emphasis added).

20.     The Federal Communications Commission recognized the costs and damage to a consumer's right to privacy that robo calls created:

> Noting that Congress found that automated or prerecorded telephone calls were a greater nuisance and invasion of privacy than live solicitation calls, and that such calls can be costly and inconvenient, the Commission determined that the TCPA and its rules prohibit such calls to wireless numbers. The Commission also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

*In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 FCC Rcd 559, ¶7 (Jan. 4, 2008).

## FACTS

21.     Within four years immediately preceding the filing of this lawsuit, Defendants telephoned the Plaintiff's cellular phone using an automatic telephone dialing system on numerous occasions and left pre-recorded messages on the Plaintiff's answering service in violation of the TCPA.

22.     Within the last year, Defendant Monarch called Plaintiff and left a message attempting to collect an alleged debt, and in that message, Defendant failed to disclose that it was a debt collector attempting to collect a debt.

23.     On or about June 22, 2016, Defendants began attempts to collect a debt allegedly owed by Plaintiff to U.S. Bank, N.A.  In its attempt to collect this debt, both Defendants made numerous unsolicited and unauthorized phone calls to Plaintiff's cellular phone number, (314) 496-7591.

24.     Plaintiff never gave her express written consent to be called on her cellular telephone by automatic dialed telephone calls or prerecorded messages.

25.     Plaintiff never signed any writing containing a clear and conspicuous disclosure, as required under 47 C.F.R. § 64.1200(f)(8)(i), informing the Plaintiff that by executing an agreement, Plaintiff consents to receive phone calls delivered using an automatic telephone dialing system or an artificial or prerecorded voice.

26.     Defendant USB's phone calls came from its number, 800-872-2657.

27.     Defendant Monarch's phone calls came from its number, 800-236-9495.

28.     On June 22, 2016, Defendant USB called Plaintiff in an attempt to collect the alleged debt, and during that phone call, Plaintiff explicitly revoked any permission or consent Defendant USB may have ever had to call her cellular telephone number (314) 496-7591, and instructed Defendant USB to never call her cellular telephone ever again.

### *Violations of the TCPA*

29.     Defendant USB never obtained express written consent from Plaintiff to place telephone calls to Plaintiff's cellular phone using an automatic telephone dialing system or to send pre-recorded messages to Plaintiff's cellular phone.

30.     Defendant Monarch never obtained express written consent from Plaintiff to place telephone calls to Plaintiff's cellular phone using an automatic telephone dialing system or to send pre-recorded messages to Plaintiff's cellular phone.

31.     On June 22, 2016, Plaintiff explicitly revoked any permission or consent Defendant may have ever had to call her cellular telephone number (314) 496-7591 and instructed Defendant to never call her cellular telephone ever again.

32.     Plaintiff's June 22, 2016 revocation of consent to be called by Defendant USB

was effective against Defendant USB's collection agent, Defendant Monarch.

33.     Plaintiff restated to both Defendants on several other occasions her explicit revocation of consent for Defendant to call her cellular telephone number (314) 496-7591 and instructed Defendants to never call her cellular telephone ever again.

34.     Beginning in June 2016, Defendant began attempts to collect the alleged debt by making numerous unsolicited and unauthorized phone calls to Plaintiff's cellular phone number, (314) 496-7591, using an automatic telephone dialing system and pre-recorded messages.

35.     Specifically, Plaintiff received more than thirty three such illicit pre-recorded and/or synthesized phone calls or voice messages from Defendants' automatic telephone dialing system dating from June 22, 2016 through December 2016.

36.     Defendants' phone calls for Plaintiff were placed from Defendants' automatic telephone dialing system, as defined by 47 U.S.C. § 227(a)(1), from the phone number that is registered to the Defendant.

37.     Specifically, Defendants' dialing system has the capacity to store, dial, and generate phone numbers such as Plaintiff's.

38.     At least thirty-three telephone dialing system calls were made to Plaintiff's cellular phone and she was charged for these phone calls, in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

### *Violations of the FDCPA*

39.     Defendant Monarch's use of a prohibited means of telecommunications violated the FDCPA, 15 U.S.C. §1692f, which prohibits the use of unfair or unconscionable means to collect or attempt to collect any debt.

40.     Specifically, Defendant Monarch's repeated and continuous placement of phone

calls was done with the intent to annoy, abuse, and harass.

41.     Defendant's failure to disclose that it was a debt collector attempting to collect a debt in its voice message left on Plaintiff's phone was a violation of the FDCPA, 15 U.S.C. § 1692e(11).

42.     Defendant's collection attempts have caused Plaintiff to incur actual damages including but not limited to anxiety, sleeplessness, and worry.

### *Invasion of Privacy – Intrusion Upon Seclusion*

43.     Defendants intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of this Plaintiff by repeatedly and unlawfully attempting to collect a debt from Plaintiff by calling Plaintiff's cellular telephone without consent by Plaintiff, and thereby invaded Plaintiff's right to privacy.

44.     Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs.

45.     The conduct of Defendant in engaging in the above-described illegal collection conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy by Defendant that occurred in a way that would be highly offensive to a reasonable person in that position.

46.     As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual damages and punitive damages from Defendant in an amount to be determined at trial.

### COUNT I: VIOLATION OF THE TCPA – ALL DEFENDANTS

47.     Plaintiff re-alleges and incorporates by reference all prior paragraphs.

48.     In its attempts to collect the alleged debt from Plaintiff, Defendants have committed violations of the TCPA, 47 USC 227 et. seq., including, but not limited to, the following:

   a.  Placing non-emergency phone calls to Plaintiff's cellular phone without express authorized consent of the Plaintiff. 47 USC 227(b) (1) (A) (iii).

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendants for:

 A. Judgment that Defendants' conduct violated the TCPA;

 B. Actual damages;

 C. Statutory damages pursuant to 47 USC (b)(3); and

 D. For such other relief as the Court may deem just and proper.

### <u>COUNT II: VIOLATION OF THE FDCPA – DEFENDANT MONARCH</u>

49.  Plaintiff re-alleges and incorporates by reference all prior paragraphs.

50.  In its attempts to collect the alleged debt from Plaintiff, Defendant Monarch has committed violations of the FDCPA, 15 U.S.C. 1692 et. Seq., including, but not limited to, the following:

   a.  Engaging in unfair practices in an attempt to collect a debt.  15 U.S.C. §1692f.

   b.  Failing to disclose that a communication is from a debt collection.  15 U.S.C. § 1692e(11).

   c.  Placing continuous and repeated phone calls with the intent to annoy, abuse and harass.  15 U.S.C. § 1692d(5).

  **WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant Monarch for:

A.  Judgment that Defendant's conduct violated the FDCPA;

B.  Actual damages;

C.  Release of the alleged debt;

D.     Statutory damages, costs and reasonable attorney's fees pursuant to 15 U.S.C. 1692(k); and

E.     For such other relief as the Court may deem just and proper.

## COUNT III: INVASION OF PRIVACY – INTRUSION UPON SECLUSION – ALL DEFENDANTS

51.     Plaintiff re-alleges and incorporates by reference all prior paragraphs.

52.     The aforementioned intrusion upon seclusion by Defendant was highly offensive to a reasonable person.

**WHEREFORE**, Plaintiffs respectfully request that judgment be entered against Defendant for:

A.     Actual damages;

B.     Punitive damages;

C.     Court costs;

D.     For such other relief as the Court may deem just and proper.

Respectfully submitted by,

Pontello Law, LLC

/s/ Dominic Pontello

_____
Dominic M. Pontello, #60947
Attorney for Plaintiff
5988 Mid Rivers Mall Dr., Suite 114
St. Charles, MO  63304
(636) 541-7673
(636) 441-6881 facsimile
dominic@pontellolaw.com